IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| THE ESTATE OF WINIFRED P. PAINTER, | ) | Civil Action No.:_____ |
| | ) | |
| Plaintiff, | ) | **VERIFIED COMPLAINT** |
| | ) | |
| v. | ) | |
| | ) | |
| BENNETT BAKER STRAHAN, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, through its duly appointed executor, after being duly sworn, deposes and says:

## I.  PARTIES AND JURISDICTION

1.  Winifred P. Painter (a/k/a Wendy P. Painter), a resident of Raleigh, Wake County, North Carolina, died testate on March 22, 2010.  Her Last Will and Testament was duly filed in the office of the Clerk of the Superior Court for Wake County, North Carolina.  Her son, Michael K. Painter, was appointed as the Executor of her estate (the "Estate"), and the probate proceedings can be found in Estate File No. 10-E-1044.

2.  The plaintiff is informed and believes that the defendant, Bennett Baker Strahan, is a citizen and resident of Santa Fe, New Mexico, but may maintain a residence and place of business in Charleston, South Carolina.

3.  Immediately prior to her death, Wendy P. Painter and Bennett Baker Strahan were record owners of real property located at 98 King Street in the City of Charleston, South Carolina (the "Property"), as joint tenants with right of survivorship.  A legal description of the Property is attached hereto as **Exhibit 1**.

4. The purpose of this action is to establish that the title to the Property is held by the defendant as trustee of a constructive trust or a resulting trust on the Property for the use and benefit of the beneficiaries of Winifred P. Painter's Estate.

5. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest or costs.

6. Venue is proper in the Charleston Division under 28 U.S.C. § 1391(b) because a substantial portion of the events or omissions giving rise to the claim occurred, and the Property that is the subject of the action is situated, in this judicial district.

## II.  STATEMENT OF FACTS

7. On August 17, 2004, Wendy P. Painter was living apart from her husband, Dean Painter, from whom she had been physically separated since July 15, 2003.  On August 17, 2004, she had not entered into any Separation Agreement with her husband and had not instituted any legal proceedings for a divorce.

8. On August 17, 2004, Wendy P. Painter purchased the Property for the sum of $1,750,000.  The plaintiff is informed and believes that the purchase price was paid entirely from funds that she had acquired during the course of her marriage to Dean Painter.

9. The plaintiff is informed and believes that after her physical separation from her husband and prior to the time she acquired the Property, Wendy P. Painter had commenced a personal relationship with the defendant that continued until late spring of 2008 when they ceased seeing each other altogether.

10. The plaintiff is informed and believes that after ceasing her relationship with the defendant during the year 2008 and continuing until the time of her death, Wendy P. Painter had the sole and exclusive use of the Property.

ND: 4840-3914-0358, v. 1

11. The plaintiff is informed and believes that at the time she acquired the Property in August of 2004, or shortly thereafter, Wendy P. Painter became very concerned that her husband might attempt to assert some ownership interest in the Property, and with the collaboration and assistance of the defendant, she transferred the record title to the Property on September 24, 2004 to herself and to the defendant as joint tenants with right of survivorship (the "September Conveyance") for the sole purpose of defeating any such claim.

12. The defendant paid no part of the purchase price when it was acquired by Wendy P. Painter in August of 2004 and paid nothing to Wendy P. Painter at the time of the September Conveyance. The defendant had paid nothing to Wendy P. Painter for her support before or after the September Conveyance, but was in fact being supported by Wendy P. Painter throughout the term of her relationship with him. Following the September Conveyance, Wendy P. Painter furnished the Property with furniture, appliances, artwork and numerous other items (all such items of personal property contained within the Property as of March 22, 2010 being identified herein as the "Furnishings"). During the term of their relationship, the defendant used the Furnishings located in the residence, all of which were paid for exclusively by Wendy P. Painter and are owned by the Estate.

13. At the time of the September Conveyance, Wendy P. Painter had no intent to make a gift of the Property or any interest therein to the defendant; no gift tax return was ever filed; and the Transfer Affidavit filed with the Public Registry in Charleston County at the time of such conveyance reflected that it was a "family transfer." At all times from and after August 17, 2004 until the date of her death, Wendy P. Painter paid all real property taxes and all other expenses of any kind, including those for insuring and maintaining the Property.

14. The plaintiff is informed and believes that at the time of the September Conveyance, the defendant was in fact a "straw man" who was intended to hold title to the Property solely in

an effort to put it beyond the reach of any claim she thought her husband may assert against the Property.

15. The plaintiff is informed and believes that in June of 2008 or earlier, Wendy P. Painter began efforts to have the defendant convey his record ownership interest in the Property to her but such efforts were continuously put off or delayed by the defendant.

16. During an illness diagnosed in late 2009 and culminating in her death on March 22, 2010, Wendy P. Painter personally and through her son, Michael P. Painter, who is the Executor of the Estate, made further attempts to have the defendant convey his record ownership interest in the Property to her, but was advised by the defendant that "he would do what was right," would sign any documents necessary for the transfer of title to her, and that her son "should look after his mother."

17. In her Last Will and Testament, Wendy P. Painter devised all of her property to a trust that was established during her lifetime primarily for the benefit of her two children, Jill Anne Painter and Michael P. Painter.

18. Following Wendy P. Painter's death, Michael P. Painter requested access to the Property to retrieve the Furnishings contained therein as the property of the Estate, but the defendant has refused, specifically prohibiting the Estate from any access to the Furnishings.

### III.  CAUSES OF ACTION

#### FOR A FIRST CAUSE OF ACTION
**(Unjust Enrichment - Constructive Trust)**

19. The allegations contained in paragraphs 1 through 18 are re-alleged and are incorporated by reference as if fully set forth herein.

20. The plaintiff is informed and believes that the defendant holds record title to the Property under circumstances that make it inequitable that it be retained by him, that he holds

ND: 4840-3914-0358, v. 1

such title in constructive trust only for the use and benefit of Wendy P. Painter's Estate, and that under the facts herein alleged, the plaintiff is entitled to an Order directing the defendant to convey the record title to the Property to the Estate.

### FOR A SECOND CAUSE OF ACTION
### (Resulting Trust)

21. The allegations contained in paragraphs 1 through 20 are re-alleged and are incorporated by reference as if fully set forth herein.

22. Under the circumstances of the September Conveyance of the Property, Wendy P. Painter intended such transfer solely for her own benefit to avoid possible claims to the Property by her former husband. The defendant gave no value for the conveyance of title to the Property, and he is therefore presumed to hold such title in a resulting trust for the sole use and benefit of Wendy P. Painter's Estate. Under the facts herein alleged, the plaintiff is entitled to an Order directing the defendant to convey the record title to the Property to the Estate.

### FOR A THIRD CAUSE OF ACTION
### (Accounting)

23. The allegations contained in paragraphs 1 through 22 are re-alleged and are incorporated by reference as if fully set forth herein.

24. The plaintiff is entitled to have the defendant, as a Trustee of a constructive or resulting trust, to account to the plaintiff for the reasonable rental value of the Property, whether occupied by the defendant or a third-party, from and after March 22, 2010, until such time as the Property is conveyed to her Estate.

25. The plaintiff is further entitled to have the defendant account for and provide an accurate inventory of all Furnishings contained within the Property as of March 22, 2010, as such personal property is owned by the Estate.

## FOR A FOURTH CAUSE OF ACTION
### (Conversion)

26. The allegations contained in paragraphs 1 through 25 are re-alleged and are incorporated by reference as if fully set forth herein.

27. The defendant has wrongfully taken and converted the property of the plaintiff, including, but not limited to, the Furnishings, all being the rightful property of the Estate. The defendant knows that the Estate is entitled to the Furnishings and the exclusive use thereof, but has intentionally withheld it from the plaintiff in conscious disregard of the plaintiff's ownership rights.

28. Upon information and belief, the actions of the defendant were taken with the intent of permanently depriving the Estate of the use, custody, ownership, and control of the Furnishings without paying for them. Upon information and belief, the actions of the defendant were willful, wanton, without right or justifiable cause, or the consent of plaintiff, and calculated to cause damages to plaintiff.

29. The plaintiff is entitled to the Furnishings, the exclusive use thereof, and damages incurred as a result of Defendants' wrongful conversion. Additionally, Plaintiff is entitled to punitive damages as a result of Defendants' willful, reckless, and malicious actions intended to harm Plaintiff.

### III.  PRAYER FOR RELIEF

WHEREFORE, plaintiff prays the Court that:

1) the defendant be found to hold the record title to the Property as trustee of a constructive or resulting trust for the use and benefit of the Estate;

ND: 4840-3914-0358, v.  1

2) the defendant be directed to convey record title to the Property to the Estate free and clear of any liens that may have attached to the Property from and after March 22, 2010, through him;

3) the defendant be directed to account to the plaintiff for the reasonable rental value of the Property from March 22, 2010, until such time as the Property is conveyed to the Estate;

4) the defendant be directed to allow the plaintiff to remove immediately from the residence all Furnishings and other tangible personal items that were located on the Property as of March 22, 2010;

5) the plaintiff be awarded such other and further relief as may be deemed just and proper; and

6) all issues of fact be determined in a trial by jury.

April 30, 2010.      s/Daniel J. Ballou
                     Daniel J. Ballou (Fed. I.D. # 6125)
                     Herbert W. Hamilton (I.D. No. 1690)
                     HAMILTON MARTENS & BALLOU, LLC
                     130 East Main Street
                     Post Office Box 10940
                     Rock Hill, South Carolina 29731
                     Telephone  803.329.7672
                     Facsimile  803.329.7678

                     ATTORNEYS FOR PLAINTIFF

ND: 4840-3914-0358, v. 1